IN THE UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CARLOS JAVIER HOLDER WENDELL A/K/A CARLOS JAVIER PEREZ HOLDER,<br>Plaintiff,<br><br>v.<br><br>THE BOLIVARIAN REPUBLIC OF VENEZUELA A/K/A LA REPUBLICA BOLIVARIANA DE VENEZUELA<br>Defendant. | **CIVIL ACTION**<br><br>**COMPLAINT**<br><br>Docket No:<br><br><br><br>PLAINTIFF DEMANDS A TRIAL BY JURY |

## COMPLAINT

Plaintiff Carlos Javier Holder Wendell respectfully allege as follows:

### NATURE OF THE CASE

1. This is a civil action for injuries and losses suffered, future injuries and losses and for loss of consortium by Plaintiff Carlos Javier Holder Wendell and his husband, Patrick Alloway Holder Wendell against the defendant, The Bolivarian Republic of Venezuela under the Alien Tort Statute, 28 U.S.C. § 1350. The exception to the Foreign Sovereign Immunities Act lies in 28 U.S.C. § 1605(a)(5). This action arises out of the failure to register, recognize and legalize the legal same-sex marriage of the Plaintiff and his husband on December 12, 2015 after proper registration application and documentation was filed with the Government of the Bolivarian Republic of Venezuela on March 31, 2016 before Consul Omar Fernando Sierra at the Consulate General of the Bolivarian Republic of Venezuela in Boston. The Defendant's actions and lack of actions as required by the laws of the Bolivarian Republic of Venezuela and the Law of Nations and International Treaties is the main contributing factor in causing the Plaintiff's injuries, future injuries and loss of consortium.

## PARTIES

2. Plaintiff, Carlos Javier Holder Wendell is an individual and a citizen of The Bolivarian Republic of Venezuela and currently resides at 503 Route 6a, in the Town of Yarmouth in the Commonwealth of Massachusetts, 02675.

3. Defendant, The Bolivarian Republic of Venezuela is a foreign state currently represented in The Commonwealth of Massachusetts by Consul General Rosalba Gil at the Consulate General of the Bolivarian Republic of Venezuela, 545 Boylston Street, 3rd Floor, Boston, MA 02116. The Foreign Minister and representative for the Defendant is Delcy Eloina Gomez Rodriguez of El Ministerio del Poder Popular para Relaciones Exteriores, Avenida Urdaneta y Avenida Sur 4, Torre MRE, Planta Baja, Caracas 1010, Districto Federal, Venezuela.

## VENUE AND JURISDICTION

4. The court has original jurisdiction under 28 U.S.C. § 1350, in that the Plaintiff is an alien as mentioned in paragraph 2 of this complaint. This is a tort claim for injuries, losses and loss of consortium coming out of tortious acts and omissions and violations of the Law of Nations and International Treaties, including but not limited to the Vienna Convention on Consular Relations for losses that are occurring within the United States, so the exception to the Foreign Sovereign Immunities Act of 1976 lies under 28 U.S.C. § 1605(a)(5) allowing suit in this court. The Plaintiff is a Citizen of The Bolivarian Republic of Venezuela, therefore is not prohibited from filing an action against The Defendant in this court.

5. The Jurisdiction is the most convenient court. Due to current political state of the Venezuelan Government, the State of the Venezuelan Courts, and the fact that the Plaintiff and his Husband are unable to appropriately appear before Venezuelan Courts (See Paragraph 13-C) this court is NOT a forum non conveniens.

6. Venue is proper as the Plaintiff currently resides in Massachusetts and the actions and lack of actions occurred in, near and by the Consulate General located in Massachusetts by the Representatives of the Defendant to the United States of America, specifically for the jurisdiction including Massachusetts.

# FACTUAL ALEGATIONS
## OF VENEZUELAN CONSTITUATIONAL AND CIVIL LAW

7. Article 77 of the Constitution of The Bolivarian Republic of Venezuela states that a de facto marriage may only occur between a man and a woman. It further states a legal marriage is protected. The constitution makes no reference to the sexes or genders of the parties or spouses in a legal marriage. No other article the Constitution references the sexes or genders in a legal marriage.

8. Article 44 of the Civil Code of The Bolivarian Republic of Venezuela states that a marriage may only be contracted between a man and a woman, and the law does not recognize any other marriage contracted in Venezuela. The law does not apply to marriages contracted outside of Venezuela, such as the marriage of the Plaintiff.

9. In February, 2008, the Supreme Tribunal of Justice of the Bolivarian Republic of Venezuela stated that same-sex couples are not against public order. It further said that same-sex couples have the same rights to special protection as heterosexual married couples.

10. The Supreme Tribunal of Justice of the Bolivarian Republic of Venezuela in May, 2016 stated that Article 44 of the Civil Code (as referenced in paragraph 7) is unconstitutional, therefor eliminating any barrier to the recognition of same sex marriage in Venezuela or providing the rights and protections associated with that marriage.

11. Venezuelan law and policy does not allow consular officers or other Government officials to deny a correctly and legally filed complete application for marriage registration, filed in a consular post abroad.

12. Based on the facts in Paragraphs 6-10, there is no reason marriage between two men may not be registered and recognized in Venezuela as long as it was legally contracted outside Venezuela in a jurisdiction that recognizes it.

13. Venezuelan law, policies and procedures do not allow the Foreign Citizen Spouse of a Venezuelan Citizen to qualify for a visa to travel to Venezuela as a spouse of a Venezuelan Citizen without registering the marriage.

    a. This prohibits the availability of and opportunity to live or visit Venezuela as a Married Couple and enjoying the rights, privileges and benefits of such.

    b. This prohibits the availability of the Foreign Citizen Spouse from having a full relationship with the Plaintiff's family and friends whom do not already have visas to enter the United Sates, as the United States is not issuing tourist visas in their Embassy in Venezuela due to Venezuelan Government policies and regulations. Venezuelan currency exchange control makes it not feasible and effectively impossible for Venezuelans without large amounts of foreign currency holding to travel and pay for visas to visit the United States in other Embassies outside Venezuela.

    c. This prohibits the availability of both Spouses from effectively pursing legal or other action in Venezuela to register or legalize the marriage or appropriately claim damages in Venezuelan courts against the Venezuelan Government, if it is not done by the Consulate abroad.

## FACTUAL ALLEGATIONS
## OF THE LAW OF NATIONS AND TREATIES

14. The United States of America and the Bolivarian Republic of Venezuela are both parties to the Vienna Convention on Consular Relations, in which Article 5 of the Convention states that consular functions consist in "protecting in the receiving State the interests of the sending State and of its nationals, both individuals and bodies corporate, within the limits permitted by international law;" and by "acting as a notary and civil registrar and in the capacities of a similar kind, and performing certain function of an administrative nature, provided that there is nothing contrary thereto in the laws and regulations of the receiving state;" and "performing and other functions entrusted to a consular post by the sending State which are not prohibited by the laws and regulations of the receiving State or to which no objection is taken by the receiving State or which are referred to in the international agreements in force between the sending State and the receiving State."

## FACTUAL ALLEGATIONS
## OF ACTIONS OF THE PARTIES

15. On December 12, 2015 in Brewster, Massachusetts, USA the Plaintiff and his Husband, a United States Citizen, Patrick Alloway Holder Wendell were married in a legally recognized and registered marriage ceremony.

16. On March 31, 2016, the Plaintiff and his Husband presented themselves in person at the Consulate General of the Bolivarian Republic of Venezuela in Boston and before Consul Omar Fernando Sierra, and submitted a proper and complete application for the registration of their marriage. Consul Sierra agreed the application was complete and proper and accepted the application but did not register the marriage.

17. On several dates following the attempted registration, the Plaintiff has contacted the Consul General to inquire on the status of the registration and next steps, and on July 11, 2016 sent a letter directly to Consul General Rosalba Gil via USPS Certified Mail Restricted Delivery citing Venezuelan Law demanding the registration of the marriage to be completed. Each of these requests have either gone unanswered after a reasonable amount of time or been answered with a statement saying no information was available.

## FACTUAL ALLEGATIONS
## OF THE CONDUCT OF THE DEFENDANT BASED ON
## THE LAW OF NATIONS AND INTERNATIONAL TREATY

18. The Defendant has failed to honor its responsibilities to its citizen, namely the Plaintiff, by failing to register his marriage as requested in accordance with its laws and in accordance with the Vienna Convention on Consular Relations.

19. The Defendant is continuing to fail to follow its own laws, regulations and procedures in registering the marriage as requested in accordance with its laws and in accordance with the Vienna Convention on Consular Relations.

20. The Defendant has failed to follow and acted against, and continues to fail to follow and is acting against the Vienna Convention of Consular Relations by failing to protect the interest of its national, namely the Plaintiff, by failing to act as a registrar

in accordance with the laws of Venezuela, and by failing to provide readily accessible consular services available to other Venezuelan Citizens living in this jurisdiction.

21. The Defendant has failed to reasonably respond to the Plaintiff's request for services required by Venezuelan Law, the Law of Nations and International Treaty and has failed to respond to subsequent requests by both the Plaintiff and other interested parties.

22. The Defendant has failed to make any offer, action to or attempt to cure any or all of the injuries and losses of the Defendant.

## FACTUAL ALLEGATIONS
## OF TORTIOUS ACTS BY THE DEFENDANT

23. The decision to not register the marriage by the Defendant and/or the Defendant's representatives or agents on March 31, 2016 in Boston was a tortious act.

24. The decision to continue to not register the marriage by the Defendant and/or the Defendant's representatives or agents up to the date of this filing was a tortious act.

25. The lack of registration of this marriage by the Defendant and/or the Defendant's representatives or agents was a tortious omission.

26. The lack of response to the application of this marriage by the Defendant and/or the Defendant's representatives or agents was a tortious omission.

## COUNT 1
## CAUSING INJURIES AND LOSSES

27. The acts and omissions by the Defendant in paragraphs 15-25 have caused severe emotional distress in the Plaintiff and his Husband and their families, constituting injury.

28. The acts and omissions by the Defendant in paragraphs 15-25 have prevented the Plaintiff's husband in applying for an appropriate Spousal Visa to visit Venezuela and

engage in social, economic, professional, and family activities resulting in loss of enjoyment of those activities.

29. The acts and omissions by the Defendant in paragraphs 15-25 have prevented the Plaintiff from legally changing his name in Venezuela and giving him the opportunity to update and/or receive a new Passport or Venezuelan ID card, causing difficulty and extra cost, steps and expense with travel and ID requirements in the United States and abroad as well as while conducting business with and in Venezuela.

## COUNT 2
## CAUSING FUTURE INJURIES AND LOSSES

30. The acts and omissions by the Defendant in paragraphs 15-25 will continue to cause severe emotional distress in the Plaintiff, his Husband and their families, constituting future injury.

31. The acts and omissions by the Defendant in paragraphs 15-25 will continue to prevent the Plaintiff's Husband from applying for an appropriate Spousal Visa to visit Venezuela and engage in social, economic, professional, and family activities resulting in future loss of enjoyment of those activities as well as a loss of economic and professional opportunities resulting in loss of potential income.

32. The acts and omissions by the Defendant in paragraphs 15-25 will prevent the Plaintiff's Husband from receiving a Venezuelan Identification as well as the right to remain and live in Venezuela and achieve Citizenship in Venezuela, therefor limiting the future social, economic, professional, family and other activities of both the Plaintiff and his Husband resulting in future loss of enjoyment of those activities as well as a loss of economic and professional opportunities resulting in loss of potential income.

33. The acts and omissions by the Defendant in paragraphs 15-25 will continue to keep the Plaintiff from legally changing his name in Venezuela and giving him the opportunity to update and/or receive a new Passport or Venezuelan ID card, causing difficulty and extra cost, steps and expense with travel and ID requirements in the United States and abroad as well as while conducting business with and in Venezuela.

## COUNT 3
## CAUSING LOSS OF CONSORTIUM

34. The acts and omissions by the Defendant in paragraphs 15-25 in essence deny the existence of the marriage and its significance, resulting in severe emotional distress of the Plaintiff, his Husband, their families and friends. This constitutes a Loss of Consortium.

35. The acts and omissions by the Defendant in paragraphs 15-25 make it impossible for the Plaintiff and his Husband to have the rights and privileges of their relationship while dealing with people, institutions and organizations in Venezuela or with the Government of Venezuela or any of it's representatives or agents in Venezuela, The United States of America or any other location. This constitutes a Loss of Consortium.

36. The acts and omissions by the Defendant in paragraphs 15-25 makes it impossible for the Plaintiff and his Husband to exist as a married couple in all senses while dealing with people, institutions and organizations in Venezuela or the Government of Venezuela or any of it's representatives or agents in Venezuela, The United States of America or any other location. This constitutes a Loss of Consortium.

37. The acts and omissions by the Defendant in paragraphs 15-25 makes it impossible for the Plaintiff and his Husband to have the rights and privileges of their relationship while visiting or living in Venezuela. This constitutes a Loss of Consortium.

38. The acts and omissions by the Defendant in paragraphs 15-25 makes it impossible for the Plaintiff and his Husband to exist as a married couple in all senses while visiting or living in Venezuela. This constitutes a Loss of Consortium.

39. The acts and omissions by the Defendant in paragraphs 15-25 have prevented the Plaintiff from legally changing his name in Venezuela and giving him the opportunity to update and/or receive a new Passport or Venezuelan ID card thus denying him the ability to continue to use his married name, thus denying his marriage. This constitutes a Loss of Consortium.

## DEMAND FOR TRIAL BY JURY

The Plaintiff hereby demands a Trial By Jury as to all issues triable as a matter of right.

## PRAYER FOR RELIEF

WHEREFORE, The Plaintiff demands upon the Defendant:
a. Actual, compensatory and statutory damages in the amount of $10,000,000.00 (Ten Million United States Dollars);
b. Punitive damages as allowed by law;
c. Pre and post-judgment interest as allowed by law;
d. An award of attorneys' fees as allowed by law;
e. An award of taxable costs; and
f. Any and all such further relief as this Court deems just and proper.

By The Plaintiff,
Carlos Javier Holder Wendell,

_____
Carlos Javier Holder Wendell, Plaintiff pro se
503 Route 6a
Yarmouth Port, MA 02675
(508) 815-7749
chw@wendellmarketing.com

DATED: AUGUST 15, 2016